UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CLAUDETTE RHONE,** | ) | |
|  | ) | |
| Plaintiff, | ) | Civil Action No. 24-3389 (RC) |
|  | ) | |
| v. | ) | |
|  | ) | |
| **MARCO A. RUBIO, SECRETARY, UNITED STATES DEPARTMENT OF STATE,** | ) | |
|  | ) | **Jury Requested** |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS IN PART**

Plaintiff, Claudette Rhone, ("Plaintiff"), submits this Memorandum of Law in Opposition to United States Department of State's ("Defendant") April 3, 2025, Motion to Dismiss Plaintiff's First Amended Complaint ("Motion").

**I.     PRELIMINARY STATEMENT**

Defendant is not entitled to dismissal in this matter because Plaintiff has met her burden to show that: (i) Plaintiff's Complaint was appropriately and timely filed and there was no delay; (ii) Plaintiff has asserted facts to state a claim for which relief may be granted on the bases of race, reprisal, and hostile work environment; (ii) and (iii) Plaintiff can address any deficiency is an amended complaint. Plaintiff submits the following opposition to Defendant's April 3, 2025, Motion.

1

## II.     LEGAL STANDARDS

### *Motion to Dismiss*

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a claim for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 681. The Court must take all allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 15 (D.C. Cir. 2008). Further, the court is required to view the complaint in the light most favorable to the Plaintiff and to accept as true all reasonable factual inferences drawn from Plaintiff's well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F.Supp. 914, 915 (D.D.C. 1994).

However, a complaint that "pleads facts that are merely consistent with a defendant's liability" falls short of showing plausible entitlement to relief. *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). "[L]abels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement" do not satisfy the pleading standard. *Iqbal*, 556 U.S. at 678, *supra* (citation and internal quotation marks omitted). Thus, the Court does not need to accept legal conclusions or inferences drawn by the plaintiff if they are unsupported by facts alleged in the complaint. *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015).

*<u>Leave to Amend</u>*

Under the Federal Rules of Civil Procedure, a party is permitted to amend its complaint "once as a matter of course." Fed. R. Civ. P. 15(a)(1). Thereafter, a party may amend the complaint with the written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a)(2). "The grant or denial of leave to amend is committed to the sound discretion of the district court." *De Sousa v. Dep't of State*, 840 F. Supp. 2d 92, 113 (D.D.C. 2012) (citation omitted). However, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), which "severely restrict[s]" the court's discretion to deny leave to amend and dismiss, *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.,* 148 F.3d 1080, 1084 (D.C. Cir. 1998) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). Indeed, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as undue delay, bad faith or dilatory motive[,] repeated failure to cure deficiencies by previous amendments or futility of amendment." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citation omitted). Therefore, Plaintiff should be permitted to file an amended complaint to clarify her race claim, reprisal claim, and her hostile work environment claim discussed below.

### III.   ARGUMENT

#### A.   <u>Plaintiff Can Establish She Suffered Adverse Personnel Actions</u>

As an initial matter, Defendant argues, in its memorandum, that Plaintiff fails to sufficiently plead each claim of sex discrimination, disability discrimination, and hostile work environment. *See* Def's Mem. at 4. The crux of Defendant's arguments addresses whether or not specific actions constitute personnel actions contemplated under Title VII. This includes Plainitff's "allegation of a large workload, having to quit the board of an employee affinity group, and being

3

chastised on three occasions." *Id*. at 4-5. As discussed below, Defendant's arguments are not persuasive.

Plaintiff satisfies the adverse action standard based on what she plead in her Complaint. Defendant argues that "personnel actions" for federal workers are governed by the Civil Service Reform Act. *Id*. at 5. To this point, the Civil Service Reform Act expressly states that personnel action includes "change[s] in duties, responsibilities, or working conditions." 5 U.S.C. § 2302(a)(2)(A)(i)–(xi). Here, Complainant sufficiently plead that she engaged in protected EEO activity in 2020 and beyond, and then began to experience harm in the form of an unreasonable workload, to which she complained about. *See* Compl. at ¶ 55, 57. This includes, but is not limited to, Plaintiff's supervisor's unreasonable demand that Plaintiff provide research on over 100 cases within 24 hours (Compl. ¶ 67-68), being assigned over 17 cases while on leave (Compl. ¶ 77) and being directed to directed to work while on leave (Compl. ¶ 76). Moreover, the circumstances Plaintiff has been subjected to on an ongoing basis has had a negative impact on her ability to enjoy the use and environment of her work space. It has also negatively affected her health, which Plaintiff has plead. *Id*. at ¶ 65. Plaintiff plead that she asked for comp time, which she never received despite it being approved.[1] *Id.* at ¶ 59.  These allegations explain the changes in duties Plaintiff experienced, and also a change in her working conditions—all of which fall squarely within the personnel action the CSRA contemplates, and the controlling "some harm" standard that the Supreme Court has established. *See Muldrow v. City of St. Louis*, 601 U.S. 346, 354, 144 S. Ct. 967, 974, 218 L. Ed. 2d 322 (2024)144 S. Ct. 967, 354 (2024) (a change in the terms and conditions of an employee's duties is not used in a narrow sense because Title VII "targets practices that "treat[ ] a person worse" due to a protected basis).  M

---

[1] Plaintiff is prepared to amend her Complaint to also plead the has to use approved leave due to this.

Defendant's arguments also rest on the merits of the facts plead, which is wholly inappropriate for the Court's consideration at this procedural juncture. The standard set forth in deciding a motion for summary judgment is determination of whether there is a genuine issue of material fact. *See* Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986) ("'summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact"). In stark contrast, the current standard set forth in a Rule 12 motion to dismiss is whether the complaint, on its face, gives Defendant fair notice of the claims and the grounds to which it rests on. *Johnson v. Walrus Corp.*, 130 F. Supp. 3d 51 (D.D.C. 2015). As noted above, Defendant argues that Plaintiff's allegations within the complaint, including, but not limited to, her allegations of being given subject to unreasonable workload, being publicly chastised on several occasions, and being told to quit the board open affinity group do not constitute adverse personnel actions. *See* Def.'s Mem. at 4-5. However, this is an untimely determination for the Court at this present procedural posture because Plaintiff is entitled to full discovery to properly show the extent of the adverse personnel action. *See Dean v. Am. Fed'n of Gov't Emps. Loc.* 476, 402 F. Supp. 2d 107 (D.D.C. 2005) (the court denied the defendant's motion to dismiss argument that it was not an "employer" under title VII because it is a determination of fact and plaintiff had not concluded discovery).

For these reasons, Plaintiff has established that she suffered adverse personnel actions.

### B.  **Plaintiff Has Sufficiently Plead a Nexus Class for Each Protected Basis**

Plaintiff, despite Defendant's assertions to the contrary, will be able to show this Honorable Court that she has sufficiently plead a nexus concerning her claim of race discrimination and retaliation:[2]

### i. Race Discrimination

The two essential elements that need to be established for discrimination are: (1) that the plaintiff suffered an adverse employment action; and it occurred (2) because of the plaintiff's protected class. *See Brady v. Off. of Sergeant of Arms,* 520 F.3d 490, 493 (D.C. Cir. 2008); *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008).

Defendant has conceded that Plaintiff has connected her claim of non-selection to her race. *See* Def.'s Mem. at 12. Defendant asserts, in error, that Plaintiff has not alleged "a single statement, conversation, or other evidence supporting an inference of discrimination based on her race." *See* Def.'s Mem. at 12. In fact, Plaintiff has plead in her Complaint that she was required to resign from her position as Vice President on the board of BIG, and that in or around May 2023, she discovered that a White employee from S/OCR, AJ, was listed as board member at Executive Women at State (EWS). Compl. ¶¶ 46, 49. Moreover, Plaintiff plead that leadership approved a white employee, AJ, to remain a board member at EWs. *Id*. at ¶ 50. Plaintiff also plead that a Black colleague, K-AY, was also asked to resign as a board member of an employee affinity group. *Id*. at ¶ 52. What Plaintiff ahs plead her clearly shows that she believes that she as well as other Black employees has been required to resign from a board position and a White employees was allowed to remain in the board of the affinity organization where she served.[3] Defendant argues int his motion why this Honorable Court should find that Defendant's alleged basis for require Ms.

---

[2] Plaintiff has voluntary removed gender/sex and disability discrimination as a basis for the claims in this case.
[3] If this Honorable Court believes that Plaintiff needs to further clarity that she believes that removal form the board is due to her race, she is able to do so and seeks leave to make any clarification necessary.

6

Rhome to resign her position is a valid and non-pretextual reason. However, Defendant prematurely asks this Court to conclude that its offered alleged non-discriminatory reasons are valid. Plaintiff would need discovery to further all arguments regarding pretext.

      Similarly, Defendant is incorrect in its assertion that Plaintiff's workload is unconnected to her race. In her Complaint, Plaintiff specifically states that the formal team with which she worked with was comprised of Black employees and that Ms. Solloso and Mr. Budd ignored Plaintiff's requests for assistance due to the excessive workload. Plaintiff is able to clarify that the denial of assistance connected to her and her team comprised of all Black employees; and that Plaintiff's requests to the Deputy Director and Director for workload assistance were denied in her Complaint. In her Complaint, Plaintiff intended to convey that the assistance with excessive workload and the denial for request for assistance related to Plaintiff's team of Black employees. This is supported by the fact that Plaintiff plead that when her White Colleague complained of excessive workload, the Agency hired harassment investigators and the office posted flex connect positions callings for harassment investigators, and took other actions to address Plaintiff's White coworkers' complaints and excessive workload. *See* Compl. ¶¶ 81-88. Plaintiff is prepared to amend her Complaint to clarify that she is advancing that she was in a hostile work environment based on her race given how work was assigned, and including how assistance was denied to Black employees. Moreover, Plaintiff requires the opportunity engage in discovery to fully develop her arguments regarding race discrimination and hostile work environment she was subjected to. Importantly, it is uncontroverted that Plaintiff plead that her requests for workload assistance were denied based on protected bases including her race. *Id*. at ¶ 85. Plaintiff is prepared to elaborate regarding what she stated in paragraph 58 of her Complaint. Specifically, Plaintiff seeks to amend her Complaint to provide that she complained to leadership because the workload and excessive

hours she was being required to work was affecting her work performance and her health. Consequently, Plaintiff alleged facts to support how the treatment and actions of her supervisors impacted her performance and caused her to be subjected to discrimination based on her race and to be in a hostile work environment. For these reasons, Plaintiff has sufficiently plead a claim of race discrimination.

    *ii.*    *Reprisal*

To sufficiently plead a Title VII reprisal claim, a plaintiff must plead three things: (1) she engaged in protected activity; (2) she experienced an adverse employment action; and (3) there was a relationship and causal link between her protected activity and the adverse action. *Leach v. Nat'l R.R. Passenger Corp.*, 128 F. Supp. 3d 146, 157 (D.D.C. 2015) (internal citations omitted). This Court has recognized that filing an EEOC complaint is a protected activity. *See Hamilton v. Geithner*, 666 F.3d 1344, 1357 (D.C.Cir.2012).

Here, Plaintiff has sufficiently plead a claim of retaliation. In her Complaint, Plaintiff alleged that she engaged in protected EEO activity on several occasions, with the earliest incident being in 2017, then again 2020 beyond and up to 2023 when she engaged in oppositional activity, and later in May 2023 when she filed an EEO complaint. *See* Compl. ¶¶ 53-55. As such, the first element is met. Plaintiff plead that since 2020, which is also when her protected EEO activity occurred, she began being subject to unreasonable workload by her supervisors. *Id.* at ¶ 57. It is noteworthy that the adverse action complained of in Plaintiff's Complaint had been *ongoing since 2020 forward*, and was not reduced to only 2020. Moreover, after Plaintiff engaged in her May 15, 2023 EEO activity, she began being subject to retaliation, including that her comp time was not processed, she was being forced to attend a leadership program while on detail and under the supervision of another Agency employee, being asked to provide a case update within 24 for over

100 cases, and being assigned over 17 cases while on leave. *See* Compl. ¶¶ 59, 61, 66-67, 75. Importantly, these actions began on June 7, 202[3], August 2023, September 27, 2023, October 12, 2023-- one month after Plaintiff's May 15, 2023, protected EEO activity. *Id*. Based on the close proximal timeline between Plaintiff's EEO activities, and the adverse action Plaintiff began to suffer, there is a causal link between her protected activity and the adverse action.

Although Plaintiff notes retaliation in the Facts section of the Complaint, Plaintiff specifically seeks leave of to Court to resent a count of retaliation. Retaliation was a claim advanced by Plaintiff at the administrative level, accepted for investigation, and investigated. Plaintiff can also plead allegations of retaliation in her Complaint, where she will specifically point out EEO activities that she engaged in 2017, 2020-2023 where she opposed discriminatory practices and specifically filed an EEO complaint.

### C. **Plaintiff Sufficiently Plead a Claim of Hostile Work Environment Harassment**

For a hostile work environment claim to be sufficiently plead, Plaintiff must plead that: 1) she is a qualified individual with a protected characteristic; 2) she was subjected to unwelcome conduct; 3) the harassment complained of was based on her protected characteristics; 4) the harassment had the purpose or effect of unreasonably interfering with her work performance and/or creating an intimidating, hostile, or offensive work environment; and 5) there is basis for imputing liability to the employer. *Fox v. General Motors Corp*., 247 F.3d 169 (4th Cir. 2001). A hostile environment exists "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to create an abusive working environment." *See Harris v. Forklift Sys., Inc*., 510 U.S. 17, 21, (1993).

Plaintiff has sufficiently plead a claim for hostile work environment harassment. Plaintiff satisfies the first element in that she is African American and that she engaged in protected EEO

9

activity. *See* Compl. ¶¶ 19, 124, 53-55. Second, Plaintiff plead that she was subject to unwelcome conduct, including being directed to resign from Blacks in Government, subject to unreasonable workload by her supervisors, her comp time was not processed, being forced to attend a leadership program while on detail and under the supervision of another Agency employee, being asked to provide a case update within 24 for over 100 cases, being assigned over 17 cases while on leave, being non-selected for a position, and being regularly chastised by her supervisors. *See* Compl. ¶¶ 57, 59, 61, 64, 66-67, 75, 91. Third, Plaintiff pleaded that the adverse actions were in connection with her race and protected EEO activity. *See* Compl. ¶¶ 51, 52, 80, 85, 89, 91. Fourth, Plaintiff plead that she suffered distress, experienced loss of career advancement and opportunities, and worked without pay, which required her to take emergency leave due to the Agency's conduct. *Id.* at ¶¶ 51, 57, 65. Finally, Plaintiff plead that she complained of the excessive workload and overall harassment she was exercising to the Director, Deputy Director, and supervisor Solloso, but no hep was provided and no investigation was conducted. *Id.* at ¶¶ 83, 102-105[4]. As such, Plaintiff has properly plead her claim of hostile work environment. Therefore, Defendant's motion to dismiss Plaintiff's hostile work environment claim should be denied.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Honorable Court deny Defendant's Partial Motion to Dismiss, and in the interest of justice, grant Plaintiff leave to file an

---

[4] Plaintiff is also prepared to state specifically other circumstances she experienced on an ongoing basis between April 2020 and 2023 showing that she was subjected to a hostile work environment based on her race and in retaliation for engaging in prior EEO activity when she was subjected to unreasonable workloads, unreasonable assignment time frame, unprofessional behavior, the scheduling of mandatory meeting without notice, sending taskers and changing her out of office message during her approved leave, and also inappropriate behavior, including verbal attacks, yelling and disrespect. Plaintiff will, if this Honorable Court believe she can amend her complaint, allege with more specificity the events that she believes created a hostile work environment.

amended complaint, and grant such other and further relief as deemed just and proper.

Dated: April 28, 2025

                                            Respectfully submitted,

By:     */s/ Donna Williams Rucker*
         Donna Williams Rucker
         (D.C. Bar No. 446713)
         MANAGING PARTNER
         Tully Rinckey PLLC
         2001 L Street, NW, Suite 902
         Washington, DC 20036
         (202) 787-1900 (phone)
         (202) 640-2059 (fax)
         DRucker@fedattorney.com

         */s/ Dolapo Oshin*
         Dolapo Oshin
         (D.C. Bar No. 90011935)
         Associate
         TULLY RINCKEY PLLC
         2001 L Street NW, Suite 902
         Washington, DC 20036
         Phone: (202) 787-1900
         Fax: (202) 640-2059
         doshin@tullylegal.com

         *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing *Plaintiff's Memorandum of Law in Opposition to Defendant's Partial Motion to Dismiss* was served this 28th day of April 2025, *via* the court's electronic case filing system on:

Kartik Venguswamy
Assistant United States Attorney
601 D Street N.W.
Washington, DC 20530
Tel: (202) 252-1790
Kartik.venguswamy@usdoj.gov

                Respectfully submitted,

                By:

                */s/ Dolapo Oshin*
                Dolapo Oshin
                (D.C. Bar No. 90011935)
                Associate
                TULLY RINCKEY PLLC
                2001 L Street NW, Suite 902
                Washington, DC 20036
                Phone: (202) 787-1900
                Fax: (202) 640-2059
                doshin@tullylegal.com

                *Counsel for Plaintiff*