UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLAUDETTE RHONE,<br><br>                    *Plaintiff*,<br><br>          v.<br><br>MARCO A. RUBIO,<br>Secretary of State,[1]<br><br>                    *Defendant*. | Civil Action No. 24-3389 (RC) |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF
ITS MOTION TO DISMISS IN PART**

As Defendant made clear in its Partial Motion to Dismiss ("Mtn.," ECF No. 7), Plaintiff Claudette Rhone failed to state a claim with respect to all of her allegations with the exception of her claim that she was not selected for one of five Team Lead positions in or around May 2023 on the basis of her race (the "race-based non-selection claim"). In her Opposition ("Opp'n," ECF No. 10), Rhone does nothing to overcome the arguments made in her Motion, instead merely restating the deficient allegations of the Complaint and promising future amendments to correct any deficiencies. For the reasons set forth in the Motion, this Court should dismiss the Complaint with the exception of the race-based non-selection claim.

**I.    Rhone's Claims Are Not Based on Personnel Actions**

As the Motion makes clear, the allegations on which Rhone relies do not rise to the level of actionable personnel actions. Rhone's allegations of a large workload, having to quit the board of an employee affinity group, and being chastised on three occasions are simply insufficient to

---

[1]    The current Secretary of State is automatically substituted for his predecessor. *See* Fed. R. Civ. P. 25(d).

meet the definition of a "personnel action" as set forth in the Civil Service Reform Act and applicable to this matter.  *See* 5 U.S.C. § 2302(a)(2)(A)(i)–(xi).  Although Rhone highlights the portion of the definition that includes unenumerated "change[s] in duties, responsibilities, or working conditions" (Opp'n at 4), she ignores the fact that these suffice only if they are "significant."  *Id.*

Rhone insists that her heavy workload was "unreasonable" and had a "negative impact on her ability to enjoy the use and environment of her work space."  Opp'n at 4.  But having a heavy workload is not a personnel action that relates to a change in position or a decision concerning pay or benefits.  *Koch v. Shapiro*, 759 F. Supp. 2d 67, 74 (D.D.C. 2011) (dismissing claims based on a heavier workload).  At best, such a claim is a "subjective belief" that will not support a claim.  *Id.*  "[I]t is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff."  *Hairston v. Vance-Cooks*, 773 F.3d 266, 274 (D.C. Cir. 2014) (quoting *Vatel v. All. of Auto. Mfrs.*, 627 F.3d 1245, 1247 (D.C. Cir. 2011)).  And "it is not the place of courts to review every task that management assigns to employees."  *Koch*, 759 F. Supp. 2d at 74-75 (citing *Mungin v. Katten Muchin & Zavis*, 116 F. 3d 1549, 1556 (D.C. Cir. 1997)).

Similarly, Rhone's board position on the employee affinity group was not part of her job description or responsibilities, and the limitation imposed by the Department on her leadership role there is not actionable.  Rhone's only response to this (Opp'n at 5) is to assert that this argument is somehow inappropriate for a motion to dismiss, insisting that this Court should not decide whether Rhone has sufficiently alleged a personnel action without affording her discovery.  She offers no actual argument that either her board position or being "chastised" by a supervisor, without any attendant impact on a performance review, pay, or benefit, were actionable personnel actions.  *See Perkins v. Vance-Cooks*, 886 F. Supp. 2d 22, 29-30 (D.D.C. 2012) (verbal reprimands

and criticism are not adverse actions). Such assertions, without more, constitute the "simple lack of good manners that are not actionable[.]" *Paschal v. District of Columbia*, 65 F. Supp. 3d 172, 180 (D.D.C. 2014) (internal quotations omitted); *see also McLaughlin v. Holder*, 828 F. Supp. 2d 230, 249 (D.D.C. 2011).

Additionally, Rhone offers no refutation of the fact that these same claims—which do not qualify as personnel actions that can support her claims of discrimination—are also not "materially adverse" to support her claims of retaliation. Indeed, the "[c]ourts have consistently held that . . . [an] increased workload," standing alone, does not rise to the level of "adverse employment action." *Saba v. U.S. Dep't of Agriculture*, 26 F. Supp. 3d 16, 25 (D.D.C. 2014); *see also Lester v. Natsios*, 290 F. Supp. 2d 11, 29-30 (D.D.C. 2003) (collecting cases); *Mungin v. Katten Muchin & Zavis*, 116 F.3d 1549, 1557 (D.C. Cir. 1997) ("[C]hanges in assignments or work-related duties do not ordinarily constitute adverse employment decisions if unaccompanied by a decrease in salary or work hour changes."); *Nichols v. Vilsack*, Civ. A. No. 13-1502, 2015 U.S. Dist. LEXIS 173138, *34 (D.D.C. May 19, 2014). For the reasons previously stated as to why having limitations placed on being on the board of an employee affinity group and being "chastised" by a supervisor are not personnel actions, these claims are neither materially adverse.

Rhone's claims, other than her race-based non-selection claim, should therefore be dismissed.

## II.    **Rhone Fails to Plead a Nexus to a Protected Class**

As set forth in greater detail in the Motion, Rhone does not sufficiently plead a nexus between her allegations and her race.[2] At best, Rhone offers a few allegations that non-Black employees were treated differently and reiterates her offer to amend her Complaint to address this

---

[2]    Rhone has withdrawn the gender and disability discrimination claims. *See* Opp'n at 6 n.2.

fact. *See* Opp'n at 6 & n.3, 7, 10 & n.4. "The problem with this request to amend her complaint [is] that she has missed her 21-day window to amend her pleading by right [and] she has yet to move for leave to file [an] amended complaint." *Black v. Guzman*, Civ. A. No. 22-1873 (BAH), 2023 WL 3055427, *4 (D.D.C. Apr. 24, 2023) (dismissing complaint where opposition to motion to dismiss promised amendments without actually seeking to amend). While Rule 15 encourages "freely" giving leave to amend "when justice so requires," that rule "applies only when the plaintiff actually has moved for leave to amend the complaint; absent a motion, there is nothing to be freely given." *Schmidt v. United States*, 749 F.3d 1064, 1069 (D.C. Cir. 2014). Rhone's promises of other, better allegations do not help her current complaint survive dismissal, nor do they satisfy the requirement that she sufficiently plead a nexus to her race.

At best, the complaint offers passing mention that that non-Black employees had a smaller workload and were permitted to keep their board positions. But Rhone concedes that the reason she was asked to resign from the affinity group was because of a change to a policy decision. Compl. ¶¶ 45-46. Indeed, given Rhone's position as an EEO Specialist for the Department, the desire to avoid confusion with official statements by the Department is a valid and non-pretextual basis to ask an employee like Rhone to step down from leadership. Rhone offers no explanation of this in her Opposition, and instead insists only that she deserves discovery on this issue. Opp'n at 6. Similarly, Rhone admits that her entire team consisted of Black employees at the time of her allegedly excessive workload, Compl. ¶ 81, and in her Opposition offers only the restatement that non-Black employees who were in a different team—and therefore not similarly situated—were able to obtain workload assistance. But these are not comparators by Rhone's own concessions. And Rhone provides no details regarding the substance of the criticism she faced on three

occasions, thus providing this Court no basis from which to infer that the criticism was causally connected to her race.

Similarly, Rhone does not connect her claims to her prior EEO activity.  As with her racial discrimination claims, she does not allege a single statement, conversation, or other evidence supporting an inference of discrimination based on her prior activity.  Although she claims to have engaged in protected EEO activity in 2017 and in May 2020 (Compl. ¶¶ 54-55), she does not connect any of the claims to either the basis of that activity or knowledge thereof.  There are no allegations that many of the individuals named in the Complaint were even aware of her prior activity.  Additionally, the temporal disconnect between the 2017, 2020, and 2023 is too great to support an inference of causality.  *See Clark Cty. School Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (collecting cases and holding three months or more is insufficient to support an inference of causation); *Iyoha v. Architect of the Capitol*, 927 F.3d 561, 574 (D.C. Cir. 2019).

In response, Rhone only points (Opp'n at 7) to the allegations in her complaint that her workload increased in 2020.  But as stated in the Motion, she provides no dates of either that increase nor of her alleged EEO activity in 2020, and this Court has no basis to infer that the two are related without such support—or even that the EEO activity came earlier in 2020 than the workload increase.  Similarly, Rhone points (Opp'n at 8) to the fact that her workload increased in September 2023, *see* Compl. ¶¶ 65-69, but does not explain how that assignment, given more than four months after her 2023 EEO activity by an individual she did not name in her complaint, connects to her prior activity.  And there are no other allegations that would allow this Court to infer a connection between Rhone's prior EEO activity and the non-selection, the board resignation, the workload, or the criticism.  Rhone's promises of future amendments to shore up these failures need not be considered, as she has not actually sought leave to amend.

In short, Rhone has not pleaded facts that connect her claims to her race or prior EEO activity, with the exception of her race-based non-selection claim. As such, her claims are insufficiently supported to survive a motion to dismiss. *See Redmon v. YMCA of Metro. Wash.*, 417 F. Supp. 3d 99, 103 (D.D.C. 2019) (dismissing complaint where plaintiff made no factual allegations connecting the adverse action to the protected class); *Easaw v. Newport*, 253 F. Supp. 3d 22, 30-31 (D.D.C. 2017) (dismissing complaint where plaintiff "has simply not alleged facts that would even remotely give rise to an inference of discrimination by the defendants she has named"). Thus, this Court should dismiss the retaliation claims.

### III.    Rhone Fails to State a Claim for Hostile Work Environment

As the Motion sets out, Rhone fails to state a claim for a hostile work environment, which requires a level of harassment that "permeates the workplace with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the [plaintiff's] employment," or else it will not suffice. *Stewart v. Evans*, 275 F.3d 1126, 1133 (D.C. Cir. 2002) (citing *Arbour v. Browner*, 181 F.3d 1342, 1347-48 (D.C. Cir. 1999)).

Again, Rhone does not complain of any physical threats, but rather of being criticized on three occasions, given a heavy workload, and other ordinary workplace tribulations. She does not allege that any of these actions affected her performance; in fact, she alleges that she had consistently received "excellent performance evaluations" for eight years. Compl. ¶ 41. "[S]imply having a rude, harsh, or unfair boss is not enough for a hostile work environment claim." *Dudley v. Wash. Metro. Area Transit Auth.*, 924 F. Supp. 2d 141, 171 (D.D.C. 2013) (collecting cases); *see also Porter v. Jackson*, 668 F. Supp. 2d 222, 235-36 (D.D.C. 2009) (granting summary judgment on hostile work environment claims based on allegations that supervisor mocked and embarrassed plaintiff); *Pauling v. District of Columbia*, 286 F. Supp. 3d 179, 194, 210 (D.D.C. 2017) (granting summary judgment on hostile work environment claims based on allegations that

supervisor was "[s]tarting, or failing to stop, destructive rumors or gossip amongst [her] coworkers").

Rhone's only response (Opp'n at 9-10) is to restate the same portions of the complaint that the Motion establishes are insufficient, and insists—without citation to authority and in the face of the caselaw Defendant provided—that her allegations do suffice. Rhone has not adequately pled a claim for hostile work environment, and this Court should therefore dismiss this claim.

## CONCLUSION

For the reasons outlined above and in the Motion, this Court should dismiss the Complaint in part, allowing only Rhone's claim of race-based non-selection to proceed.

Dated: May 5, 2025
      Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By:         */s/ Kartik N. Venguswamy*
      KARTIK N. VENGUSWAMY,
        D.C. Bar No. 983326
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC 20530
      (202) 252-1790
      kartik.venguswamy@usdoj.gov

*Attorneys for the United States of America*